UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 17-cr-34-pp

ROYCE GRANT,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR BOND (DKT. NO. 38)**

On February 22, 2017, a federal grand jury indicted defendant Royce Grant with two counts of Hobbs Act robbery in violation of 18 U.S.C. §1951(a), and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(ii). On July 11, 2017, the defendant pled guilty to all three counts. A day later, he filed this motion, asking the court to release him on bond pending sentencing. Dkt. No. 38. The government opposes the motion. Dkt. No. 39.

Under 18 U.S.C. §3142(f)(1)(A), if a case involves a crime of violence (like a Hobbs Act robbery) and the government seeks detention, the court must determine whether there is any condition or combination of conditions that would reasonably assure the appearance of the defendant and the safety of the community. Once a defendant has pled guilty to such a crime, 18 U.S.C. §3143(a)(2) requires the court to detain that defendant, unless:

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Given the defendant's guilty plea, he cannot show "a substantial likelihood that a motion for acquittal or new trial will be granted" under 18 U.S.C. §3143(a)(2)(A)(i). Given that one of the offenses to which the defendant pled guilty carries a mandatory minimum sentence of seven years' imprisonment, he can't show that "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person[,]" under 18 U.S.C. §3143(a)(2)(A)(ii). Because the defendant cannot meet the requirements of §3143(a)(2)(A), his detention is mandatory.

The court **DENIES** the defendant's motion for bond, dkt. no. 38, and **ORDERS** the defendant remain detained pending his sentencing.

Dated in Milwaukee, Wisconsin this 13th day of July, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**

2

Case 2:17-cr-00034-PP    Filed 07/13/17    Page 2 of 2    Document 40